UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL DESHAN LESLIE, ) | 1:06-CV-01031 OWW LJO HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITIONER'S FAILURE TO |
| v. ) | FOLLOW A COURT ORDER |
| ) | |
| ) | [Doc. #9] |
| SCOTT KERNAN, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 26, 2006, Petitioner filed a petition for writ of habeas corpus. Petitioner also filed a motion to proceed in forma pauperis; however, Petitioner did not submit a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the petition. 28 U.S.C. § 1915(a)(2).

On September 7, 2006, this Court ordered Petitioner to submit, within thirty (30) days of the date of service of the order, an application to proceed in forma pauperis and a certified copy of the prison trust account statement or pay the $5.00 filing fee. Petitioner filed a motion for an extension of time on October 13, 2006. The Court granted Petitioner's motion on October 30, 2006, and

extended the time for compliance with the court order to December 4, 2006.

The allotted time has passed, and Petitioner has not complied with the court order.

## DISCUSSION

Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending in this Court since July 26, 2006. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.

1  1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly

2  outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure

3  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

4  requirement.  <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The

5  Court's order to pay the filing fee or submit a new application to proceed in forma pauperis was clear

6  that dismissal would result from non-compliance with the Court's order.

## RECOMMENDATION

8      Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for

9  Petitioner's failure to comply with a court order.

10     This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

11 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

12 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

13 California.  Within ten (10) <u>court</u> days (plus three days if served by mail) after being served with a

14 copy, any party may file written objections with the court and serve a copy on all parties.  Such a

15 document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

16 Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if

17 served by mail) after service of the objections.  The Court will then review the Magistrate Judge's

18 ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections

19 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>,

20 951 F.2d 1153 (9th Cir. 1991).

21 IT IS SO ORDERED.

22 **Dated:    December 14, 2006**            **/s/ Lawrence J. O'Neill**
   b9ed48                                                    UNITED STATES MAGISTRATE JUDGE